UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANA CAROVSKI

                Plaintiff,

                                                  **Hon. Hugh B. Scott**

                v.

                                                  06CV716S

                                                  **Order**

RONALD JORDAN,
U.S. BULK TRANSPORT, INC.

                Defendants.

Before the Court is defendants' motion for an Order (pursuant to Federal Rule of Civil Procedure 35(a)) compelling plaintiff to be produced for a neuropsychological examination starting April 21, 2008, and continuing (if necessary) to April 23, 2008 (Docket No. 22[1]; see Docket No. 20 (first attempt at filing motion)). Given the scheduled date for this examination, responses to this motion were due by April 15, 2008, and any reply was due by April 17, 2008, and the motion was submitted (without oral argument) on April 17, 2008 (Docket No. 24).

BACKGROUND

Plaintiff filed a Summons and Complaint (and later an Amended Summons and Complaint) in New York State Supreme Court against defendants alleging injuries from an automobile-truck accident (see Docket No. 1, Notice of Removal, Ex. A). Plaintiff alleged that,

---

[1] In support of their motion, defendants filed their motion and notice of motion, Docket No. 22; defense counsel's reply affidavit with exhibits, Docket No. 27; and the affidavit of Dr. Stephen Sarfaty, Docket No. 28.
    In opposition, plaintiff filed her attorney's affidavit with exhibits, Docket No. 26, and reply affidavit, Docket No. 30.

on October 8, 2003, she was driving a motor vehicle eastbound on the New York State Thruway in the Town of Batavia when she was struck by defendant Jordan driving a vehicle owned by defendant U.S. Bulk Transfer, sustaining "severe, permanent and painful injuries" (id. Ex. A, Compl., Am. Compl.). She alleged that she sustained serious injuries pursuant to New York Insurance Law § 5120(d) (id., Ex. A, Am. Compl. ¶ SEVENTH).

Defendants removed this action to this Court (Docket No. 1) and filed a joint Answer (Docket No. 9). This case then was referred to the undersigned on August 6, 2007 (Docket No. 10).

Defendants then moved to compel her examination for up to three days before a neuropsychologist (Docket No. 22), indicating that the medical examinations would occur on April 21-23, 2008 (id. at 1; see Docket No. 26, Pl. Atty. Aff. Ex. A). Plaintiff's counsel wrote to defense counsel seeking a list of the tests proposed to be performed upon plaintiff (Docket No. 26, Pl. Atty. Aff. ¶ 4, Ex. B). The motion states that the scope of the examination will be for plaintiff's physical and mental conditions, "specifically Plaintiff's psychological injuries, including posttraumatic stress, depression, anxiety, loss of enjoyment of life, emotional and physical pain and suffering, chronic pain, chronic headache and chronic migraine headache" (Docket No. 22, at 1), but does not state the tests to be performed. Defendants argue that plaintiff claims physical and emotional injuries which defendant denies, hence making her examination in these areas relevant (id. ¶¶ 1-2). They allege generally that efforts were made to reach agreement with plaintiff but the matter was not resolved (id. ¶ 3). Plaintiff disputes whether a good faith effort was made to work out this discovery dispute (Docket No. 26, Pl. Atty. Aff. ¶ 13).

Plaintiff opposes three days of examinations and questions, in particular, psychological testing (id. ¶¶ 5-6). She points out contested psychological testing in a state case handled by plaintiff's firm and the disrepute that the so-called "Fake Bad Scale" testing has in the psychological community (id. ¶¶ 6-11, 19, Exs. C, E). Plaintiff also objects to the short notice for the examination and this motion (id. ¶¶ 14-17), noting that defense has delayed in completing discovery and plaintiff's otherwise cooperativeness in producing materials (id. ¶¶ 14, 17).

In reply, defendants shed some light on the exchange between the parties prior to this motion (see Docket No. 27). Defense counsel responded to plaintiff's letter of April 1, 2008 (Docket No. 26, Ex. B), that standardized tests would be employed (involving noninvasive measures of brain function, emotional functioning, symptom validity, and response bias) but the precise tests to be used would not be known until the examination begins, using defense counsel's response as his good faith attempt to resolve the matter short of judicial intervention (Docket No. 27, Defs. Atty. Reply Aff. ¶ 7, Ex. B; see Docket No. 28, Sarfaty Aff. ¶ 4). Defendants also attached the notice[2] for the examination at issue here (Docket No. 27, Defs. Atty. Reply Aff. Ex. C). They state that the examination actually will take two days (with a third day reserve in the event it is not completed within that time) (id. ¶ 9; Docket No. 28, Sarfaty Aff. ¶ 2). Dr. Sarfaty notes that disclosing the types of tests to be employed to plaintiff in advance of the examination would be "contraindicated . . . as disclosure introduces uncontrollable variables relevant to accurate examination findings, not the least of which is the possibility of being

---

[2]Defendants mistakenly noticed the examination pursuant to N.Y. CPLR 3121 and Uniform Rule 202.17, Docket No. 27, Ex. B. Since this case was removed to this Court, federal procedural rules (including Federal Rule 35) applies, see 14C Charles A. Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3738, at 390-91 (Jurisdiction 3d ed. 1998).

coached or attempts at malingering" (Docket No. 28, Sarfaty Aff. ¶ 3) and also concludes that the presence of a third person in the room during the examination was also contraindicated (id. ¶ 6).

Defendants note that plaintiff has not cross moved for a protective Order (Docket No. 27, Defs. Atty. Reply Aff. ¶ 12). They refute the allegations of delay in this case's discovery (id. ¶ 10), and note that their counsel expressed his intention to conduct a psychological examination in two prior conferences (id. ¶ 6).

## DISCUSSION

I.  Standard

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention. See 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 655-65 (Civil 2d ed. 1994). "Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons having knowledge of any discoverable matter." Fed. R. Civ. P. 26(b)(1) (effective Dec. 1, 2007). For good cause the Court may order discovery "of any matter relevant to the subject matter involved in the action" with relevant information not necessarily admissible at trial to be discoverable, and "if the discovery appears reasonably calculated to lead to the discovery of admissible evidence," id. Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification that the movant in good faith conferred or attempted to confer

with the party not making the disclosure to secure that disclosure without court intervention. Fed. R. Civ. P. 37(a)(1) (effective Dec. 1, 2007).

The Court may order an examination where a party's mental or physical condition is in controversy, Fed. R. Civ. P. 35(a)(1). Such an Order "may be made only on motion for good cause and on notice to all parties and the person to be examined," and specifying the time, place, manner, conditions, and scope of the examination, id. R. 35(a)(2); see Schlagenhauf v. Holder, 379 U.S. 104, 118 (1964) (good cause and party's condition is in controversy are limitations on use of Rule 35). Whether to issue such an Order is within the sound discretion of the Court, see 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2234.1, at 478-79 (Civil 2d ed. 1994).

## II.     Timing of Notice and Motion

Plaintiff first objects to the short notice given for the examination (noticed on March 28, 2008, to begin on April 21, 2008, Docket No. 26, Pl. Atty. Aff. ¶ 3, Ex. A), and for responding to the motion to compel (id. ¶¶ 14-17), concluding that defendants did not make good faith efforts to resolve this discovery dispute short of motion practice (id. ¶ 13).

### A.     Certification of Efforts to Avoid this Motion

Defendants' single sentence stating that counsel had made "reasonable effort to reach agreement with opposing attorneys on the matter set forth in the motion, but failed to resolve this discovery dispute" (Docket No. 22, Defs. Motion ¶ 3) is not sufficient certification of the efforts to confer on this issue. In their reply, defendants indicate their response to plaintiff's request regarding the nature of the testing they intended to have plaintiff undergo (Docket No. 27, Defs. Atty. Reply Aff. ¶ 7, Ex. B; cf. Docket No. 26, Pl. Atty. Aff. ¶ 4, Ex. B). Viewing the totality of

5

defense's papers, they have certified their good faith efforts to resolve this dispute prior to making this motion.

B.     Timing of Notice

Unlike other discovery devices, cf. Fed. R. Civ. P. 34(2)(A) (30 days to respond to document demand), 33(b)(2)(30 days to answer Interrogatories), 36(a)(3) (30 days to respond to request for admission), Rule 35 does not provide a response time or set a period for prior notice before the examination is to be conducted. Under Rule 35, the Court issues an Order for the examination based upon the movants' notice and motion which states the time and place for the examination, Fed. R. Civ. P. 35(a)(1), (2)(B). The only procedural restraint is this Court's Local Rules regarding motion practice, W.D.N.Y. Loc. Civ. R. 7.1(c), which requires responding papers and reply papers due within a specified schedule, one far longer than the one set for this motion[3].

No one states the importance of April 21, 2008, as the starting date for this examination (rather than any other mutually convenient date); plaintiff does not object to this date and defendants do not state why it was selected. Under the latest Amended Scheduling Order, defendants' expert disclosure is due June 18, 2008, with all discovery to be completed by July 7,

---

[3]Defendants argue that their motion complies with Federal Rule of Civil Procedure 7 and local rules, Docket No. 27, Defs. Atty. Reply Aff. ¶ 3. But Rule 7 does not set forth the timing for motions. This Court's local rules do. If the movants intend to reply, the notice of motion has to be served fifteen days before the return date of the motion, responding papers then are due eight days before the return date, and the reply is due three business days before the return date. Without intending a reply, the notice of motion has to be served within ten days of the return date, with responding papers due three days before. W.D.N.Y. Loc. Civ. R. 7.1(c). The only exception is if the movants seek an Order to show cause to shorten these periods stating within their application the reasons for an expedited hearing, id. R. 7.1(d), or if the Court sua sponte sets a different schedule.

2008 (Docket No. 19), so there is time under the current schedule to conduct this discovery. Defendants, in fact, did not seek an Order to show cause or show why an expedited hearing of this motion was necessary; defendants merely filed this motion (relative to the proposed start of the examination) to preclude a normal briefing schedule. The Court, from its reading of the initial motion and the proposed examination schedule, set the expedited schedule in order to not render decision of the motion moot.

      C.      Plaintiff's Receipt of Notice

Plaintiff also complains about the short briefing schedule for this motion and the fact that counsel received actual notice the date her response was due (Docket No. 26, Pl. Atty. Aff. ¶ 16). As defendants note (Docket No. 27, Defs. Atty. Reply Aff. ¶¶ 4-5, Ex. A), plaintiff's attorney is registered for receipt of electronic case filings, including this motion and the Court's briefing schedule for it. Under this Court's administrative guidelines for the electronic case filing system, by participating in the process "parties consent to the electronic service of all documents" with electronic service "constitut[ing] service of the filed document for all purposes of the Federal Rules of Civil Procedure . . . and the Local Rules of this Court," W.D.N.Y. Loc. Rules, Admin. Procedures Sec. 2.f.i. All signed Orders will be electronically filed with the same force and effect as a conventional Order, id. Sec. 2.i.i., and electronic transmission of the Notice of Electronic Filing constitutes Rule 77(d) notice, id. Sec. 2.i.iii. Only counsel who have not consented to electronic service may get a paper copy of Orders, id., see id. Sec. 2.f.ii. (parties not registered for electronic filing may receive paper copies of filed documents). Thus, the Court presumes that registered counsel receives filed documents from the Court and from opposing parties as of the date and time indicated in the Notice of Electronic Filing.

Here, defendants' motion was filed on April 10, 2008, and, given the proposed examination dates, the Court issued its briefing Order later that day (Docket Nos. 22, 24). The fact that plaintiff's counsel claims that he actually received (or read) notice on April 15, 2008, while distressing given the shortened briefing schedule set for this motion, does not excuse plaintiff's counsel from the fact that notice is presumed received when it was electronically delivered.

III.    Conduct of Psychological Examination

   A.    Examination

Plaintiff raises the concern that the three days of psychological testing and examination is merely to try to establish that she is "faking" based upon flawed assumptions in the potential testing (Docket No. 26, Pl. Atty. Aff. ¶¶ 5-12, Exs. C, E). She argues about the ultimate issue of the admissibility of the probable tests (see id. ¶¶ 6-12, Ex. C). The issue in this motion, however, is whether plaintiff's medical and psychological condition is in controversy to warrant an examination, see Fed. R. Civ. P. 35(a)(1), and whether it is discovery of "nonprivileged matter that is relevant to a party's claim or defense" and that relevant matter may be discovered even if later deemed not to be admissible, id. R. 26(b)(1). Even if plaintiff's opposition here is deemed to be an application for a protective Order, plaintiff would have to show good cause that she should be protected from the proposed examination and from "annoyance, embarrassment, oppression, or undue burden or expense," id. R. 26(c)(1), all points plaintiff has not argued. Under Rule 35, the parties receive the report of the examiner, id. R. 35(b), and, at a later date, they may argue the validity of the testing and examination results.

Defendants' motion is **granted**; the examination shall go forward on April 21, 2008 (or such other starting date as the parties and the examiner mutually agree to), and continue up to three days until completed, as noticed by defendants. The fact that state courts (under the New York Civil Practice Law and Rules) or other courts have rejected (in part) a similar examination (cf. Docket No. 26, Pl. Atty. Aff. ¶¶ 6, 10, 19, Ex. E), does not require this Court to decline this examination. As previously stated, no one objects to April 21, 2008, plaintiff has not stated that she is unavailable that date, therefore the examination shall begin as noticed.

B.      Accompaniment to Examination

Plaintiff next argues, that (under New York law) plaintiff had the right to be accompanied throughout the examination (id. ¶ 12; Docket No. 30, Pl. Atty. Reply Aff. ¶¶ 5-8). Defendants note that federal courts have rejected the existence of this right for examinations under Federal Rule 35 (Docket No. 27, Defs. Atty. Reply Aff. ¶ 17), see, e.g., Troiano v. John Hancock Mut. Life Ins. Co., No. 02 Civ. 2921, 2003 U.S. Dist. LEXIS 2454, at *4-6 (S.D.N.Y. Feb. 21, 2003) (Eaton, Mag. J.) (ordering two days of oral, written tests and PET scan for psychological examination).

Once this action was removed to this Court, the Federal Rules of Civil Procedure govern procedural matters, 14 C Federal Practice & Procedure, supra, § 3738, at 391; Willy v. Coastal Corp., 503 U.S. 131, 134-35 (1992); Granny Goose Foods, Inc. v. Brotherhood of Teamsters Local No. 70, 415 U.S. 423, 437-38 (1974), such as the form and scope of discovery and not New York procedural laws, see Granny Goose, supra, 415 U.S. at 437-38 (discussing Ex parte Fisk, 113 U.S. 713, 725-26, 729-30 (1885), and holding that federal court could reconsider state court ordered deposition that was entered prior to removal of case to federal court). Plaintiff here

9

cites to New York State procedural decisions (Docket No. 30, Pl. Atty. Reply Aff. ¶¶ 5-7), relying upon the procedural framework of CPLR and not either to federal cases or cases removed to federal court and citing them as the substantive law for New York tort claims.  Those cases are distinguishable because they discuss how such examinations are to be conducted under CPLR 3121.

In Troiano, a diversity action concerning disability policies, Magistrate Judge Eaton held that plaintiff, in requesting to have his attorney or a medical professional present during a psychological examination, bears the burden of showing good cause for having such attendance, 2003 U.S. Dist. LEXIS 2454, at *1, *5; see Reyes v. City of N.Y., No. 00 Civ. 2300, 2000 U.S. Dist. LEXIS 15078, at *9-10 (S.D.N.Y. Oct. 16, 2000) (applying Rule 26(c) good cause standard).  The court there applied Rule 35(a) rather than the CPLR (or other equivalent state law procedure).  Plaintiff there raising the concern that his answers would not be accurately recorded and that a third person could catch such mistakes, Troiano, supra, 2003 U.S. Dist. LEXIS 2454, at *5-6.  Magistrate Judge Eaton found that this concern was not sufficient good cause to warrant the presence of third parties during the examination, especially given the compromise offered by defendants that the interview would be audio taped, id. at *6.

Here, plaintiff does not state any cause for having her accompanied during this examination.  New York state procedural law does not apply here.  Therefore, plaintiff will be examined, pursuant to Federal Rule 35, without accompaniment.

CONCLUSION

For the reasons stated above, defendants' motion to compel plaintiff's examination (Docket No. 22) is **granted;** plaintiff shall produce herself for examination (without accompaniment) as specified in defendants' motion and notice or upon the date or dates agreed to by the parties and mutually convenient for the examining neuropsychologist.

So Ordered.

                                                                                                                     */s/ Hugh B. Scott*
                                                                                                       Hon. Hugh B. Scott
                                                        United States Magistrate Judge

Dated: Buffalo, New York
       April 18, 2008