UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANA CAROVSKI
                         Plaintiff,


                    v.                                          **Hon. Hugh B. Scott**

                                                                06CV716S

                                                                **Order**

RONALD JORDAN,
U.S. BULK TRANSPORT, INC.

                         Defendants.



        Before the Court are plaintiff's motions (1) to (a) compel defendants to produce copies of

her neuropsychological examination (see Docket No. 31, Order) prior to defendants' expert

disclosure deadline and (b) to extend the Scheduling Order (Docket No. 32[1], filed May 8, 2008)

and (2) defendants' cross-motion to compel plaintiff to produce authorizations and to supply

omitted data from her expert (Docket No. 34[2], filed June 9, 2008).  Responses to plaintiffs'

motions were due by June 10, 2008, with any reply due by June 17, 2008 (Docket No. 33), and

those motions initially were deemed submitted (without oral argument) on June 17, 2008.  That

_____

        [1]In support of these motions, plaintiff submitted her attorney's affidavit, with exhibits;
and memorandum of law, with exhibit, Docket No. 32, and her attorney's reply affidavit, Docket
No. 38.
        In opposition, defendants filed their attorney's reply affidavit (with exhibits), Docket
No. 36.

        [2]In support of this motion, defendants submitted their attorney's affidavit with exhibits,
Docket No. 34, and their counsel's reply affidavit, Docket No. 42.
        In opposition, plaintiff filed her attorney's affirmation in opposition (with exhibits),
Docket No. 41.

briefing Order also stayed the discovery deadlines pending resolution of these motions (id.).

After defendants filed their motion, responses to that motion were due by June 24, 2008, with

any reply due by July 1, 2008 (Docket No. 35).  All pending motions were deemed submitted

(without oral argument) on July 1, 2008, for this consolidated consideration (id.).

BACKGROUND

Plaintiff filed a Summons and Complaint (and later an Amended Summons and

Complaint) in New York State Supreme Court against defendants alleging injuries from an

automobile-truck accident (see Docket No. 1, Notice of Removal, Ex. A).  On October 8, 2003,

plaintiff was driving a motor vehicle eastbound on the New York State Thruway in the Town of

Batavia when she was struck by defendant Jordan driving a vehicle owned by defendant U.S.

Bulk Transfer, sustaining "severe, permanent and painful injuries" (id. Ex. A, Compl., Am.

Compl.).  She alleged that she sustained serious injuries pursuant to New York Insurance Law

§ 5120(d) (id., Ex. A, Am. Compl. ¶ SEVENTH).

Defendants removed this action to this Court (Docket No. 1) under diversity jurisdiction

and filed a joint Answer (Docket No. 9).  Defendants raised affirmative defenses of the

negligence of others; the action being barred by the New York State No-Fault law, N.Y. Ins. Law

§§ 5101 et seq.; collateral source indemnification of plaintiff's expenses; claims barred by the

Graves Law, 49 U.S.C. § 30106; failure to mitigate damages; barred by statute of limitations

(id.).  This case then was referred to the undersigned on August 6, 2007 (Docket No. 10).

*Plaintiff's Motions*

Defendants noticed plaintiff to undergo neuropsychological and vocational rehabilitation

examinations in April 2008 (Docket No. 32, Pl. Atty. Aff. ¶¶ 5-6).  As of the date of filing these

2

motions, plaintiff had not received a copy of the reports from these examinations (id. ¶ 7), with defense counsel refusing to produce the reports before the June 18, 2008, deadline (id.).  Plaintiff formally requested these reports on May 6, 2008 (id. ¶ 8, Ex. B).

The current Amended Scheduling Order had plaintiff's expert disclosure due by May 9, 2008, defense expert disclosures were due by June 18, 2008, and all discovery was to be completed by July 9, 2008 (Docket No. 19[3]; see Docket No. 32, Pl. Atty. Aff. ¶ 3, Ex. A; see also Docket No. 34, Defs. Atty. Aff. Ex. A).  Plaintiff seeks to extend these deadlines (and subsequent deadlines as well) due to not obtaining the reports from her examinations (Docket No. 32, Pl. Atty. Aff. ¶¶ 4, 15, 18).  Plaintiff's own expert was unable to evaluate her before May 9, 2008, because of a prior commitment (id. ¶ 12).

Defendants respond that there is no merit to granting an extension of time for plaintiff to disclose her expert since she had two months to make that report (Docket No. 36, Defs. Atty. Reply Aff. ¶ 3).  They argue that the purported expert, Dr. Michael Lynch, would be redundant to the opinions furnished by her already disclosed expert (id. ¶ 4).  Defendants contend that disclosure from defense experts (particularly from her examinations by those experts) is irrelevant to her expert disclosure obligations (id. ¶ 5).  Alternatively, defendants seek a reciprocal amount of time to make their expert disclosure if plaintiff is granted an extension (id. ¶¶ 6, 7).

Defendants report that they produced the reports from plaintiff's April examinations, rendering her request and motion to compel moot (id. ¶ 8, Ex. B).  These defense expert reports

---

[3]Dispositive motions are due by October 10, 2008; pretrial statements by December 12, 2008.  The final pretrial conference before Judge William Skretny is scheduled for January 7, 2009, and the start of the trial is set for March 17, 2009.  Docket No. 19, Am. Scheduling Order.

were served on June 5, 2008 (id., Ex. B), in response to plaintiff's May 6, 2008, request (id., Ex. C).  Defendants argue that the reports were served timely under Rule 35(b) and the Scheduling Order (id. ¶¶ 10, 11).

In reply, plaintiff now acknowledges receipt of those reports and withdraws this portion of her motion (Docket No. 38, Pl. Atty. Reply Aff. ¶ 2).  She adheres to her request for additional time, even if a reciprocal amount of time is given to defendants, to complete discovery and thus extend the Scheduling Order (id. ¶ 3).  Alternatively, plaintiff argues that she did not need to disclose Dr. Lynch as an expert in her initial Rule 26(a) disclosure (id. ¶¶ 4-6).  An additional reason to extend the Scheduling Order is to allow plaintiff to depose Dr. Sarfaty, the doctor who recently examined plaintiff (id. ¶ 13).

*Defense Motion*

Defendants moved for plaintiff to provide authorizations to release medical records and other confidential documents (Docket No. 34, Defs. Notice of Motion, Defs. Atty. Aff. ¶ 5, Ex. B).  Plaintiff wrote for these authorizations in April 25, 2008, called plaintiff's counsel on May 7, 2008, and has yet to receive these authorizations (id., Defs. Atty. Aff. ¶¶ 5, 7, Ex. B).

On May 8, 2008, defense counsel received plaintiff's response to expert demand pursuant to Rule 26(a)(2), identifying as plaintiff's economic expert Ronald Reiber, Ph.D. (id., Defs. Atty. Aff. ¶ 11, Ex. C).  Defendants argue that this expert disclosure fails to comport with Rule 26(a)(2) since it failed to produce the data and information considered by Dr. Reiber in reaching his expert opinions, failed to identify his publications from the last ten years, and failed to disclose his compensation as an expert witness (id. ¶¶ 12-13).

In response, plaintiff states that she executed authorizations that were not materially different from the ones defendant wanted executed (Docket No. 41, Pl. Atty. Affirm. ¶¶ 6-8, Exs. B, D).  She supplemented her expert disclosure regarding Dr. Reiber on June 23, 2008 (<u>id.</u> ¶ 9, Ex. F).  She concludes that these disclosures have her in full compliance with Rules 26(a)(2) and 37(a) (<u>id.</u> ¶ 11).

In reply, defendants withdraw their motion for additional disclosure regarding Dr. Reiber (Docket No. 42, Defs. Atty. Reply Aff. ¶ 2).  On the authorizations, defendants complain that they were sent late and plaintiff did not move for a protective Order against executing defendants' authorizations; rather, she sent her own version (<u>id.</u> ¶¶ 3, 5, Ex. A).  Plaintiff thus waived her objection to the defense authorizations (<u>id.</u> ¶ 5).  Plaintiff's authorizations restrict defendants' rights to reports of neuropsychological and/or physiological examinations and treatment and limits access to plaintiff's academic records, items at issue in plaintiff's tort claims (<u>id.</u> ¶¶ 7-8).

DISCUSSION

I.      Good Faith Attempts to Confer Prior to Filing Motions to Compel

Essentially, both parties produced responsive disclosure or discovery in the face of their respective motions to compel.

Discovery under the Federal Rules is intended to reveal relevant documents and testimony, but this process is supposed to occur with a minimum of judicial intervention.  <u>See</u> 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, <u>Federal Practice and Procedure</u> § 2288, at 655-65 (Civil 2d ed. 1994).  Federal Rule of Civil Procedure 37(a) allows a party to apply to the Court for an order compelling discovery, with that motion including a certification

5

that the movant in good faith conferred or attempted to confer with the party not making the disclosure to secure that disclosure without court intervention.  Fed. R. Civ. P. 37(a)(2)(A).

Here it is not clear that plaintiff attempted to confer before filing her motions.  First, plaintiff requested copies of the examinations two days before moving to compel their production (compare Docket No. 32, Pl. Notice of Motion with id. Pl. Atty. Aff. Ex. B, letter request to defense counsel), which was subsequently produced and plaintiff now withdraws that part of her motion (see infra).

Next, defendants wrote in April 2008 requesting authorizations and called in early May inquiring about their request (see generally Docket No. 34, Defs. Atty. Aff.; Docket No. 41, Pl. Atty. Affirm. Exs. A-D).  Plaintiff's responding papers provide the documentation for the attempts to confer on this matter, showing the fact that defendants returned plaintiff's version of the authorizations and resubmitted their own on June 20, 2008 (see Docket No. 41, Pl. Atty. Affirm. Ex. C).  As for plaintiff's expert disclosure, defendants initially did not discuss whether they raised their objections to plaintiff prior to making their motion.  Plaintiff's responding papers again provide the documentation for the attempts to confer on this matter (see Docket No. 41, Pl. Atty. Affirm. Exs. E, F).  Plaintiff, in the face of this defense motion, supplemented her expert disclosure and executed a set of authorizations, but (as discussed below) she did not execute the defense authorizations or state objections to them.

Much of the relief initially sought (and later withdrawn) and the motion practice associated with it may have been avoided if the parties were more persistent in attempting to resolve the matters among themselves first rather than motion practice.

II.     Plaintiff's Motions–Compelled Disclosure of Examination Reports

Plaintiff has withdrawn this portion of her motion upon receipt of the reports from her April 2008 examinations, provided on June 5, 2008.  Plaintiff's motion to compel their production is **deemed moot**.  Had plaintiff not withdrawn this motion, it may have been denied for failure to certify good faith efforts to resolve this matter short of motion practice.

III.    Defense Motion

A.      Authorizations

Defendants seek production of authorizations for release of medical and other confidential records under Rule 34.  The issue here is whether the authorizations executed by plaintiff suffice to obtain release of information sought by defendants.  Defendants assert that plaintiff waived any objection to their authorizations and the authorization forms she executed and served were not as comprehensive as defendants' forms (Docket No. 42, Defs. Atty. Reply Aff. ¶¶ 4-8).  Comparing defense authorizations (e.g., Docket No. 41, Pl. Atty. Affirm. Ex. D) with the authorizations plaintiff executed (Docket No. 41, Pl. Atty. Affirm. Ex. B), there are some detail differences between them.  For example, the plaintiff's authorization for the academic, guidance and disciplinary records from Nardin Academy did not mention seeking "reports of academic evaluations and testing" that defendants specifically sought.  For the medical and psychological authorizations, defendants specified the types of testing and examinations they wanted access from the professionals while plaintiff's authorizations says generally "all medical records and reports".  Defense authorizations also mentioned allowing their expert, Dr. Sarfaty, to have access to them whereas plaintiff's executed forms only named defense counsel as being authorized to receive the sought documents.

7

Instead of either conferring over the disputes with defense authorization forms or moving for a protective Order to resolve this issue and determine the scope of authorizations (with its obligation to certify good faith efforts to confer prior to making the motion, <u>see</u> Fed. R. Civ. P. 26(c)(1)), plaintiff merely executed her attorney's version of authorizations, potentially keeping certain topics or items identified by defendants beyond disclosure.  In fact, using the general language in those authorizations, plaintiff may have opened the door to expose more of her records than defendants actually sought.  Plaintiff has not objected to the scope of what defendants seek or argue that they are beyond the issues in this case.  Defendants' motion to compel on this issue is **granted**; plaintiff shall execute defense versions of the authorizations within **ten (10) business days** of entry of this Order.

B.      Expert Data and Rule 26(a)(2) Disclosures

Under Rule 26(a)(2), an expert witness's report should contain the complete statement of his opinion and the basis and reasons for them; "the data or other information considered by the witness in forming them," exhibits he intends to use, "the witness's qualifications, including a list of all publications authored in the previous 10 years," list of previous cases in which he has testified as an expert, and "a statement of the compensation to be paid for the study and testimony in the case," Fed. R. Civ. P. 26(a)(2), (a)(2)(ii), (iv), (vi) (effective Dec. 1, 2007).

Defendants also moved for disclosure of further information about Ronald Reiber, plaintiff's economic expert.  Plaintiff has supplemented Reiber's disclosure.  Defendants having

received this information now withdraw this portion of their motion (Docket No. 42, Def. Atty.

Reply Aff. ¶ 2).  Thus, defendants' motion on this ground is **deemed moot**.[4]

IV.     Extend Scheduling Order

Plaintiff also seeks to extend the discovery and other Scheduling Order deadlines in light

of the fact that she had not received the expert reports discussed above and that her expert

otherwise could not produce a report within the deadline.  Modification of a Scheduling Order is

done only upon a showing of good cause.  Fed. R. Civ. P. 16(b)(4); see 6A Charles A. Wright,

Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1522.1, at 230-31(Civil 2d

ed. 1990).  "In the absence of some showing of why an extension is warranted, the scheduling

order shall control."  Id. at 231.  This Court has broad discretion in preserving the integrity of its

Scheduling Orders, see Barrett v. Atlantic Richfield Co., 95 F.3d 375, 380 (5th Cir. 1996),

including the discretion to extend its deadlines when good cause is shown.

Despite defendants' partial opposition and although plaintiff now has received the reports

she sought that caused her to move for additional time, plaintiff's motion for this relief is

**granted**, but all parties will receive a reciprocal extension of discovery deadlines.  As ordered

above, defendants are to receive authorizations that should provide further documents, hence they

will need additional time to complete their discovery.

The Amended Schedule is as follows (unless otherwise changed below, the remaining

dates in the previous Scheduling Order (Docket No. 19) continue in effect):  All discovery in this

---

[4]Defendants have not moved to compel disclosure about Dr. Lynch, a purported medical
expert for plaintiff.  Dr. Lynch was mentioned regarding plaintiff's motion for extension of the
Scheduling Order (discussed below in Part IV); thus, absent a motion to compel, the Court need
not consider the sufficiency of plaintiff's disclosure about Dr. Lynch.

case shall conclude on **September 8, 2008**.  All motions to compel shall be due at least **30 days prior** to that discovery cutoff date (or by **August 8, 2008**).  Plaintiff shall complete her identification of her experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **July 30, 2008**; defendants shall complete identification of their experts and provide written reports in compliance with Rule 26(a)(2), as amended in 1993, no later than **August 25, 2008**[5].  All expert discovery shall be completed on or before **September 8, 2008**.  As a result, dispositive motions, if any, shall be filed no later than **November 25, 2008**.  The referral to the Court's pilot Alternative Dispute Resolution mediation shall terminate on **January 5, 2009**.  In the event that settlement is not reached, the case will progress toward trial, as scheduled elsewhere in this Order and in prior Scheduling Orders.

In the event no dispositive motions are filed, pretrial statements in strict compliance with Local Rule 16.1(d) shall be <u>filed and served</u> no later than **March 2, 2009**.  A <u>final pretrial conference</u> pursuant to Fed. R. Civ. P. 16(d) and Local Rule 16.1(f) will be held on **Wednesday, January 28, 2009, 9 am,** with Judge Skretny.  Jury Trial is reset for **Tuesday, March 24, 2009, 9:30 am**.

**NOTE, NO FURTHER EXTENSION OF THE ABOVE CUTOFF DATES WILL BE GRANTED EXCEPT UPON WRITTEN JOINT MOTION, FILED PRIOR TO THE CUTOFF DATE, SHOWING GOOD CAUSE FOR THE EXTENSION.**

---

[5]See Rule 26 of the Local Rules for the Western District of New York as amended effective December 1, 1994.

V.    Discovery Sanctions

Although neither party has sought to recover their respective motion expenses, under

Rule 37(a), if the motion to compel is granted at least in part and denied in part, the Court "may,

after giving an opportunity to be heard, apportion the reasonable expenses for the motion," Fed.

R. Civ. P. 37(a)(5)(C), and if the motion to compel is granted, then the Court "must" require the

losing party to pay the reasonable motion expenses of the successful movant, unless

circumstances should preclude such an award, see id. R. 37(a)(5)(A).  On the other hand, if a

motion to compel is denied, the movant "must" be required to pay the reasonable motion

expenses of the party who opposed the motion, id. R. 37(a)(5)(B).

Here, plaintiff's motion to compel was denied as moot, as was defendants' motion to

compel production of Dr. Reiber's expert disclosure, as both parties produced the sought

materials.  Her success in having her motion for extension of time granted does not warrant

recovering of moving expenses, cf. Fed. R. Civ. P. 16(f) (sanctions for violation of a pretrial

Order), (b)(4) (modification of a scheduling Order).  Defendants' motion to compel was granted

as to the authorizations.  Defendants sufficiently certified their good faith attempts to resolve the

matter short of motion practice (see Docket No. 34, Defs. Atty. Affirm. ¶¶ 5-7, Exs. A, B).  As a

result of defendants prevailing on their motion to compel, they should be awarded their

reasonable motion costs.  Defense counsel is to submit an affidavit of his client's motion costs

associated with this portion of their motion (and not so much of their motion that was

withdrawn).  Plaintiff then will have an opportunity to respond to that submission and the Court

will deem the application submitted and set the reasonable amount of motion costs associated

with this motion.

CONCLUSION

For the reasons stated above, plaintiff's motion to compel production of the reports from the neuropsychological and vocational examinations (Docket No. 32) is **denied as moot**, but her motion to extend the Scheduling Order is **granted**.  The Amended Scheduling Order is set forth above in part III of the Discussion in this Order.

Defendants' motion to compel (Docket No. 34) is **granted in part** (as to production of authorizations) and **denied as moot** (as to supplementing the economic expert's disclosure). Plaintiff is to serve authorizations as drafted by defendants within **ten (10) business days of entry of this Order**.  Defense counsel is to submit an affidavit of defendants' reasonable motion expenses associated with this portion of their motion only and do so within **five (5) business days of entry of this Order**.  Any response from plaintiff to this fee application is due withing **ten (10) business days of entry of this Order**.  The Court then will deem the fee application submitted and determine the reasonable motion expenses herein.

So Ordered.

_/s/ Hugh B. Scott_
_____

Hon. Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        July 21, 2008