UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANA CAROVSKI,

                Plaintiff,

                                          **Hon. Hugh B. Scott**

                v.                                  07CV284S

                                              **Order**

RONALD JORDAN,
U.S. BULK TRANSPORT, INC.,

                Defendants.

Before the Court is defendants' application (Docket No. 46[1], Atty. Aff. of July 28, 2008; see Docket No. 44, Order of July 21, 2008, at 11) for their motion costs regarding their motion to compel (Docket No. 34[2]). The Order granting (in part) defendants' motion to compel (in particular compelling plaintiff to execute defense authorizations)(Docket No. 44, Order) gave plaintiff five business days (see Fed. R. Civ. P. 6(a)(2)) from entry of that Order to file and serve this application, with any response from defendants due five business days from that filing and service (id. at 12), or by July 28, 2008. Plaintiff's counsel filed a responding affidavit with exhibits (Docket No. 48). Familiarity with the Order regarding the defense motion to compel is presumed.

---

    [1]In support of their application, plaintiffs filed their attorneys' revised affidavit, Docket No. 42, and their attorneys' affidavit, Docket No. 41.

    [2]Also pending is plaintiff's motion to compel the deposition of defense expert on September 5, 2008 (Docket No. 50). This will be briefed separately (see Docket No. 51) and decided by an Order.

BACKGROUND

The Order granting defendants' motion compelling plaintiff to execute their version of the authorizations also held the other relief sought by defendants as being moot and denied recovery of motion costs for the other relief (Docket No. 44, Order at 7-9, 11). Defendants were directed to submit an affidavit of their motion costs only for compelling plaintiff to execute authorizations (id. at 11).

Defense counsel submitted an affidavit of the hours expended on this motion, totaling 6.6 hours, and his hourly rate of $190 per hour, calculating the fee of $1,254.00 (Docket No. 46, Defs. Atty. Aff. ¶¶ 3, 4). Defense counsel stated his time as follows:

| Date | Amount (hours) | Task |
|---|---|---|
| June 6, 2008 | 2.5 | Research & drafting |
| June 8, 2008 | .5 | Revision and completion of motion |
| June 18, 2008 | .9 | Reviewing plaintiff's reply affidavits and memorandum |
| June 19, 2008 | .8 | Review plaintiff's counsel's letter and attached authorizations |
| June 30, 2008 | 1.2 | Drafting reply affidavit |
| July 21, 2008 | .7 | Review of Order and drafting fee application |

(Docket No. 46, Def. Atty. Aff. ¶ 3).

Plaintiff disputes the time expended and upon crediting the full rate of $190 per hour for some of the work expended, concluding that a reasonable total costs should be only $627.00 (or reducing the hours by half) (Docket No. 48, Pl. Atty. Aff. ¶¶ 3, 6-7, 9, 11-14, 18). For example, plaintiff would exclude 1.5 hours (from June 19 and 21, 2008) from the fee award since it was

not related to ths successful portions of the motion to compel (id. ¶ 7). She also contends that defendants are seeking to recover for generating a simple, pro forma motion, brief supporting affidavit (id. ¶¶ 15-16) and reply papers (id. ¶ 15, Exs. C, D) and that it did not take as long as defense counsel claims to read and research plaintiff's moving papers (id. ¶ 17; cf. id. Ex. E)

DISCUSSION

I.        Standards–Discovery Sanctions for Motion to Compel

If a motion to compel is granted, the Court must award reasonable motion expenses, including attorney's fees, or, if relief is partially granted, apportion the reasonable expenses, Fed. R. Civ. P. 37(a)(5)(A), (C) (effective Dec. 1, 2007) (see Docket No. 64, Pl. Atty. Reply Aff. ¶ 12). Even if production is made in the face of a motion to compel, the sanction of awarding these expenses must be imposed, id. R. 37(a)(5)(A). Rule 37(b)(2) refers to the party or counsel advising that party or both being responsible for paying the motion expenses.

Under Rule 37, the movant is entitled to reasonable costs and attorneys' fees. "If the court determines to award expenses and fees, it is for the court to decide what amount is proper." 8A Charles A. Wright, Arthur R. Miller & Richard L. Marcus, Federal Practice and Procedure § 2288, at 666-67 (Civil 2d ed. 1994); see also Addington v. Mid-American Lines, 77 F.R.D. 750, 751 (W.D. Mo. 1978) (three hours at $50 per hour held excessive where opponent merely failed to make timely response to interrogatories, reducing time to one hour). The rate or amount an attorney bills his or her client related to discovery or a motion to compel does not make that rate or time expended reasonable under Rule 37 as reasonable motion expenses. See Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist. LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993).

Using the lodestar (or the "presumptively reasonable fee," see Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d 110, 111, 117 (2d Cir. 2007), as amended on other grounds, 2008 U.S. App. LEXIS 30487 (2d Cir. Apr. 10, 2008)) method for calculating the reasonable attorney's fee, Disabled Patriots of Am., Inc. v. Niagara Group Hotels, LLC, No. 07CV284, Docket No. 43, 2008 U.S. Dist. LEXIS 33780, at *3-5 (W.D.N.Y. Apr. 24, 2008) (Scott, Mag. J.); Johnson v. the Bon-Ton Stores, No. 05CV170, Docket No. 39, 2006 U.S. Dist. LEXIS 20019, at *8 (W.D.N.Y. Apr. 17, 2006) (Scott, Mag. J.); see also Hensley v. Eckerhart, 461 U.S. 424, 429-30, 430 n.3 (1983) (applying for fees under 42 U.S.C. § 1988), the components for determining the reasonable attorneys' fee are the moving attorney's time spent on the motion and the reasonable billing rate for that attorney.  This presumptively reasonable fee is "what a reasonable, paying client would be willing to pay" who would wish "to pay the least amount necessary to litigate the case effectively," Arbor Hill, supra, 493 F.3d at 112.  In calculating the "presumptively reasonable fee" this Court "should generally use the prevailing hourly rate in the district where it sits to calculate what has been called the 'lodestar,'" id. at 111, or known as the "forum rule," id. at 118.  The "forum rule" is that this Court should apply the "prevailing [hourly rate] in the community," id. at 118 (internal quotations omitted); see also Blum v. Stenson, 465 U.S. 886, 895 (1984), with the "community" defined as the district where the court sits, Arbor Hill, supra, 493 F.3d at 118; see Polk v. New York State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983).  The Court "may adjust this basic hourly rate to account for other case-specific variables," Arbor Hill, supra, 493 F.3d at 112, and apply an out-of-district rate (or some other rate) if "in calculating the presumptively reasonable fee if it is clear that a

4

reasonable, paying client would have paid those higher rates," id. at 119.  In Arbor Hill, the Second Circuit held that

> "We presume, however, that a reasonable, paying client would in most cases hire counsel from within his district, or at least counsel whose rates are consistent with those charged locally.  This presumption may be rebutted–albeit only in the unusual case–if the party wishing the district court to use a higher rate demonstrates that his or her retention of an out-of-district attorney was reasonable under the circumstances as they would be reckoned by a client paying the attorney's bill."

Id. at 119.  In this analysis this Court "(unfortunately) bears the burden of disciplining the market, stepping into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively," id. at 112.

As noted by one district court,

> "One thing the Arbor Hill decision makes clear is that no particular lawyer is entitled to any particular hourly rate in any particular case.  Instead, the district court must determine in each case what rate a reasonable, paying client would have paid for the lawyers' services in that case.  The practice of pointing out the highest rate the lawyer has ever been awarded by any court and then seeking at least that much for every case fails to comply with the methodology required by Arbor Hill."

Mikrut v. Unum Life Ins. Co., No. 3:03CV1714, 2007 U.S. Dist. LEXIS 71999, at *10 (D. Conn. Sept. 28, 2007) (rejecting fee application based on rates paid in prior cases, reducing to District of Connecticut reasonable rates).

The last component for determining the reasonable motion expenses are the other motion expenses incurred (not sought here).

The movants seeking reimbursement bears the burden of proving the hours spent and the prevailing rates.  7 Moore's Federal Practice--Civil § 37.23[8] (2005); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.  It is within this Court's discretion to determine the

reasonableness of those rates based on the Court's knowledge of prevailing community rates and the relative experience of counsel, Creative Res. Group of N.J., Inc. v. Creative Res. Group, Inc., 212 F.R.D. 94, 103 (E.D.N.Y. 2002) (Wall, Mag. J.) (Report & Recommendations, citation omitted); see Johnson, supra, 2006 U.S. Dist. LEXIS 20019, at *11.

II.   Application

    A.   Hourly Rate

Plaintiff here challenges the hourly rate insofar as the work cited by defense counsel did not warrant the full extent of the $190 per hour quoted (Docket No. 48, Pl. Atty. Aff. ¶¶ 9, 11; cf. id. ¶ 10).  Defense counsel did not state his level of experience and federal court expertise to justify the $190 rate.  Plaintiff questions the total of 3.9 hours expended in research and drafting defendants' moving papers on the authorization issue as well as review of plaintiff's responding papers (id. ¶ 11), noting the paucity of materials generated by defendants for that effort (id. ¶¶ 12 (no defense memorandum submitted), 13, (two page notice, three page affidavit, considering other issues aside from authorizations issue), Exs. A, B (defense moving papers)).

In other discovery sanction applications, this Court has upheld attorney fee rates around $200 per hour for attorneys within this District with equivalent experience as plaintiffs' counsel here, see, e.g., Brick v. CSX Transp., Inc. et al., No. 06CV622, Docket No. 41, 2007 U.S. Dist. LEXIS 90742, at *7-8 (W.D.N.Y. Dec. 10, 2007) (Scott, Mag. J.) (finding $195 per hour rate reasonable for partner who has practiced for ten years and had extensive federal court and litigation experience).  The factors listed by the Second Circuit in Arbor Hill to justify not applying the forum rule, 493 F.3d at 112, are not applicable here.  However, the issue here is

whether the tasks performed warrant that rate, which, in turn revolves around whether the time claimed to perform these tasks is reasonable, to which the Court now turns.

    B.       Hours Claimed

The next issue is whether the total of 6.6 hours claimed by defense counsel is warranted for their simple motion to compel. For the time claimed defendants filed a simple notice of motion and affidavit (see Docket No.34; see also Docket No. 48, Pl. Atty. Aff. Ex. A) and did not file a memorandum of law. The underlying issue was straight forward–whether plaintiff could avoid executing defense authorizations by submitting their own version without either conferring about the contents of these documents or moving for relief from the court. The reduction in the time is appropriate here, rather than adjusting defense counsel's rate to parse the services rendered in drafting the motion and moving papers, and the amount suggested by plaintiff (cutting the total of 6.6 hours in half, to 3.3 hours) is adopted.

    C.       In Summary

Therefore, defendants' fee application is **rejected in part**. The Court agrees with plaintiff and accepts only 3.3 hours claimed by defense counsel and at counsel's rate of $190 per hour is reasonable; the amount of **$627.00** sought by defendants is **granted**.

    D.       Apportionment of Liability

One final issue, not addressed by either party, is whether this sanction should come from plaintiff, her counsel or from both. Under the Federal Rules, the attorney may also be held responsible even if he is not a litigant in the action for the manner in which discovery is conducted. Fed. R. Civ. P. 37(a)(5)(A). There is no clear attribution between client or counsel

for the compelled discovery here.  Absent allegations of fault being attributable to counsel, **plaintiff and her counsel** will be held jointly responsible for this sanction.

CONCLUSION

For the reasons stated above, defendants' application (Docket No. 46) for recovery of their motion to compel expenses (Docket No. 44; see Docket No. 34) is **granted in part**.  The Court has reviewed their reasonable motion expenses and has determined the appropriate sanction amount and plaintiff and her counsel shall pay as a discovery sanction **$627.00** to defendants.

So Ordered.

/s/ Hugh B. Scott
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       August 12, 2008