**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

**DIANA CAROVSKI,**

                                    **Plaintiff,**                         **Hon. Hugh B. Scott**

                    **v.**
                                                                **06CV716S**

**RONALD JORDAN**                                              **Order**
**U.S. BULK TRANSPORT, INC.,**

                                    **Defendants.**

_____

        Initially before the Court was plaintiff's motion (Docket No. 50) for an Order compelling

defendants to produce neuropsychologist Dr. Stephen Sarfaty for a deposition on September 5,

2008.  Responses were due on or before August 22, 2008, and any reply was due on or before

August 28, 2008 (Docket No. 51).  Defendants duly responded (Docket No. 53) and plaintiff

submitted her reply (Docket No. 55).  In that reply (Docket No. 55), plaintiff states that the

parties have stipulated to conduct Dr. Sarfaty's examination in Connecticut on a mutually

convenient date to be established by the parties (id. Pl. Atty. Aff. ¶ 4 a), b)).  Thus, plaintiff

original motion is **terminated** as moot.  The parties also agreed that this discovery deadline

should be extended (to October 31, 2008) to permit completion of this examination (id. ¶¶ 4 c),

6).  Plaintiff's new motion to extend the discovery deadline was granted, with expert and all

discovery to conclude by October 31, 2008 (Docket No. 56).

        At issue now is the reasonableness of Dr. Sarfaty's fee.  Defendants were given until

September 16, 2008, to respond as to the reasonableness of that fee, plaintiff had until

September 23, 2008, to reply and the motion (as revised) was deemed submitted as of

September 23, 2008 (id.).  In support of plaintiff's present motion is her counsel's affidavit

(Docket No. 55) and her counsel's reply affidavit (Docket No. 59); in opposition, defendants

submitted their attorney's reply affidavit with exhibits (Docket No. 58).

BACKGROUND

This is a diversity personal injury action following an automobile accident involving

plaintiff and a truck owned by defendant U.S. Bulk Transport, Inc., and driven by defendant

Jordan.  Defendants had plaintiff evaluated by Dr. Sarfaty, charging $250 per hour to conduct the

examination (Docket No. 55, Pl. Atty. Aff. ¶ 11).

Plaintiff and defendants also stipulated to have the Court resolve the issue of the

reasonableness of the expert witness fee for Dr. Sarfaty (id. ¶¶ 4 d), 7-13, Ex. B).  Dr. Sarfaty

charges a $2,000 deposit and $600 per hour to testify (Docket No. 53, Defs. Atty. Aff. in

Opposition ¶ 11; Docket No. 55, Pl. Atty. Aff. ¶ 7).  Defendants contend that Dr. Sarfaty's

contracted rate for his expert testimony is $600 per hour with a $2,000 deposit and the rates are

the same defendants would pay as they are now charging plaintiff (Docket No. 58, Defs. Atty.

Reply Aff. ¶ 3, Ex. A).  Defendants also contend that the $2,000 deposit is reasonable and part of

the doctor's normal fee, factoring that one day of the doctor's time would be used for this

deposition (id. ¶ 4, see id. Ex. A).  They point out that plaintiff could have used other discovery

means to obtain further information from Dr. Sarfaty and that plaintiff choose to depose him (id.

¶ 5).  They also assert Dr. Sarfaty's expertise (id. ¶ 6, Ex. B).  Defendants conclude that

Dr. Sarfaty's fees are reasonable (id. at pages 2-3).

In reply, plaintiff disputes whether defendants established the other factors showing that

Dr. Sarfaty's fees are reasonable under Goldwater v. Postmaster Gen. of U.S., 136 F.R.D. 337,

340 (D. Conn. 1991), and <u>Mathis v. NYNEX</u>, 165 F.R.D. 23, 25 (E.D.N.Y. 1996) (Docket

No. 59, Pl. Atty. Reply Aff. ¶¶ 3-5).  Plaintiff finds "patently absurd" the fact that Dr. Sarfaty

charges 2.5 times more for his deposition testimony than for his examination and report (<u>id.</u> ¶ 9).

Plaintiff suggests as a reasonable rate of $250 per hour, the same rate as for the examination (<u>id.</u>

¶ 15).

DISCUSSION

I.      Reasonable Expert Fee

Under Federal Rule of Civil Procedure 26(b)(4)(C), "[u]nless manifest injustice would

result, the court must require that the party seeking discovery:  (i) pay the expert a reasonable fee

for time spent in responding to discovery under Rule 26(b)(4)(A) [deposition of expert who may

testify] or (B) [interrogatories or deposition of expert retained but not expected to testify]; and

(ii) for discovery under (B), also pay the other party a fair portion of the fees and expenses it

reasonably incurred in obtaining the expert's facts and opinions," Fed. R. Civ. P. 26(b)(4)(C)

(effective Dec. 1, 2007).  The first subparagraph is at issue here.

One court has held that "before refusing to order a deposing party to pay the other party's

expert, the district court must explicitly find either manifest injustice or that the fee was

unreasonable," <u>Gwin v. American River Transp. Co.</u>, 482 F.3d 969, 975 (7th Cir. 2007) (holding

that the district court abused its discretion in not explaining its decision to deny defendant's

motion to compel payment of expert expenses).  This Court has the discretion to limit or alter the

expert's discovery costs under Rule 26(b)(4)(C) if they appear to be unreasonable, <u>see</u> <u>Knight v.

Kirby Inland Marine Inc.</u>, 482 F.3d 347, 356 (5th Cir. 2007) (upholding the district court's

reduction of the expert's billing rate by $100 and limiting time accountable).

"Among the factors courts consider in determining the 'reasonableness' of a fee are:  (1) the witness's area of expertise; (2) the education and training required for the expert insight sought; (3) the prevailing rates for other comparably respected available experts; (4) the nature, quality and complexity of the discovery responses provided; (5) the cost of living in the particular geographic area; (6) the fee being charged by the expert to the party who retained him; (7) the fees charged by the expert in similar matters; and (8) any other factor likely to be of assistance to the court in balancing the interests implicated by Rule 26.  See Adams v. Memorial Sloan Kettering Cancer Ctr., No. 00 Civ. 9377 (SHS), 2002 U.S. Dist. LEXIS 11688, 2002 WL 1401979, at *1 (S.D.N.Y. June 28, 2002); see also Coleman v. Dydula, 190 F.R.D. 320, 324 (W.D.N.Y. 1999) [(Heckman, Mag. J.)]; Magee v. Paul Revere Life Ins. Co., 172 F.R.D. 627, 645 (E.D.N.Y. 1997).  The party seeking reimbursement bears the burden of demonstrating the reasonableness of the fees sought.  See Carafino v. Forester, No. 03 Civ. 6258 (PLK)(DF), 2005 U.S. Dist. LEXIS 7718, 2005 WL 1020892, at *1 (S.D.N.Y. Apr. 29, 2005) (citation omitted).  Where the party seeking reimbursement fails to meet its burden, the court may exercise its discretion to determine a reasonable fee.  See 2005 U.S. Dist. LEXIS 7718, [WL] at *2 (citing Mannarino v. United States, 218 F.R.D. 372, 374 (E.D.N.Y. 2003))."

Casiano v. Target Stores, No. CV 2006-6286(NG)(MDG), 2008 U.S. Dist. LEXIS 65542, at *1-2 (E.D.N.Y. Aug. 21, 2008) (Go, Mag. J.).  (See also Docket No. 55, Pl. Atty. Aff. ¶¶ 8, 9, citing cases, including Goldwater, supra, 136 F.R.D. 337, 340 (D. Conn. 1991).)  In Adams, Judge Stein noted that the factors "merely serve as a guide" with the Court's goal is to "balance the parties' interests so that the party retaining the expert witness is not 'unduly hampered in [its] efforts to attract competent experts' while the opposing party is not 'unfairly burdened by excessive ransoms which provide windfalls for the [opposing side's] experts,'" 2002 U.S. Dist. LEXIS 11688, at *2-3 (quoting Cabana v. Forcier, 200 F.R.D. 9, 16 (D. Mass. 2001), quoting in turn Anthony v. Abbott Lab., 106 F.R.D. 461, 465 (D.R.I. 1985)).

In Coleman, Magistrate Judge Heckman found that a rate of $250 per hour (in 1999) was reasonable for plaintiff's treating physician experts to testify, especially where the defense medical experts were charging $350 per hour for deposition testimony, 190 F.R.D. at 324; see

also id. at 323 (citing Hose v. Chicago and North Western Transp. Co., 154 F.R.D. 222, 225-27

(S.D. Iowa 1994) for finding $400 per hour to be reasonable fee for treating neurologist's

deposition, reduced from $800 per hour).  In Casiano, the United States District Court for the

Eastern District of New York held that a rate of $400 "is a more than reasonable rate" in that and

the Southern District of New York, where the party seeking reimbursement only argued that the

rate sought (a flat fee of $4,000, or what worked out to be an hourly rate of $1,600) was the

amount that would be paid for trial and submitted a one-page curriculum vitae, 2008 U.S. Dist.

LEXIS 65542, at *4-5 (citing cases from the Eastern and Southern District of New York), *3-6.

In Adams, the court noted that plaintiff's expert rate of $500 per hour for deposition time, "while

high, [was] in line with medical expert fees held to be reasonable by other courts," 2002 U.S.

Dist. LEXIS 11688, at *4-5.

In Magee, the district court (in 1997) reduced a psychiatrist's rate of $350 per hour to be

deposed to $250, holding the higher amount to be unreasonable, where plaintiff's treating

psychologist charged $120 per hour and his treating psychiatrist charged $250 per hour,

172 F.R.D. at 646.

II.     Application

Defendants have the burden of showing that Dr. Sarfaty's $600 per hour rate is

reasonable, see Casiano, supra, 2008 U.S. Dist. LEXIS 65542, at *2.  Plaintiff also objects to the

$2,000 deposit as effectively a minimum fee (Docket No. 59, Pl. Atty. Reply Aff. ¶¶ 12, 14; cf.

Docket No. 55, Pl. Atty. Aff. ¶ 11 ($2,000 deposit as expectation that billing would exceed that

amount at $600 per hour rate)). This deposit should be reduced if the $600 rate is determined to

be unreasonably high.  Defendants contend that the rate is reasonable because it is the same rate

they are paying for defendant.  Defendants do not consider whether the rates are comparable with

other experts either in Dr. Sarfaty's field of neuropsychology in this district or generally (see also

Docket No. 59, Pl. Atty. Reply Aff. ¶ 8).

One possible complication presented here is that Dr. Sarfaty practices in Connecticut and

not within this District.  One of the factors in evaluating his rate is the cost of living "in the

particular geographic area," see, e.g., Casiano supra, 2008 U.S. Dist. LEXIS 65542, at *2, with

the cases not specifying the "particular geographic area" (the area of the forum or where the

expert is based) involved.  The cases reviewing the reasonableness of expert fees look at rates

upheld nationally rather than in a particular circuit or district, e.g., Adams, supra, 2002 U.S. Dist.

LEXIS 11688, at *4-5 (citing cases).  As such, this is not analogous to the Court determining an

attorney's fee award when a party retains counsel from outside of the district and that counsel

seeks his or her local rate as opposed to the rates usually charged within that district, as was

decided in Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany, 493 F.3d

110 (2d Cir. 2007).  But even in Dr. Sarfaty's native Connecticut, the district court there held (in

1991) that a psychiatrist seeking to recover $350-450 per hour was unreasonable and held that

$200 per hour was a reasonable rate for such an expert, see Goldwater, supra, 136 F.R.D. at 340;

see also Packer v. SN Servicing Corp., 243 F.R.D. 39, 41-42 (D. Conn. 2007) (forensic

psychologist charging $300 per hour, unchallenged by parties) (Belt, Special Master).

Reviewing the factors above (as well as the fees held to be reasonable by other courts

nationally), Dr. Sarfaty's $600 per hour rate is **unreasonable**.  Even including inflation since

many of the cases were decided (e.g., Packer, supra, 243 F.R.D. at 41-42 ($300 per hour for

psychologist in 2007); Coleman, supra, 190 F.R.D. at 324 ($250-350 per hour in 1999)), the rate

quoted here is excessive.  Defendants as the party seeking payment have not demonstrated the

reasonableness of Dr. Sarfaty's expert rate.

Plaintiff suggests that the reasonable rate should be $250, the same rate Dr. Sarfaty

charged for examining her and rendering his report; defendants uphold the rate they contracted

with Dr. Sarfaty.  As with attorney's fees charged to the client as opposed to those awarded as a

Rule 37 discovery sanction, cf. Kahn v. General Motors Corp., No. 88 Civ. 2982, 1993 U.S. Dist.

LEXIS 5196, at *4 (S.D.N.Y. Apr. 19, 1993), the fact that the client is willing to pay a high rate

for an expert does not make it reasonable for another to pay as a discovery cost to depose that

expert, see also Adams, supra, 2002 U.S. Dist. LEXIS 11688, at *2-3 (balance of obtaining

competent experts with not unfairly burdening opponent with excessive ransoms as windfalls to

experts).  The Court agrees with plaintiff and finds that **a rate of $250 per hour to be**

**reasonable**.  Given that under Rule 30 (d)(1), a deposition is limited to seven hours, Dr.

Sarfaty's **$2,000 deposit is not reasonable** under this reduced rate (which would require a

deposition lasting three hours longer that the limit under the rules for plaintiff to recoup the

deposit).

CONCLUSION

For the reasons stated above, on plaintiff's motion for determination of the reasonable fee

for expert Dr. Stephen Sarfaty (Docket No. 55), arising from her earlier motion to compel the

deposition of Dr. Sarfaty (Docket No. 50, see Docket No. 56), the Court finds that rate of $600

per hour and the deposit of $2,000 to be **unreasonable** and the reasonable fee in this

circumstance is **$250 per hour** for Dr. Sarfaty's time.  Plaintiff's original motion to compel

Dr. Sarfaty's deposition (Docket No. 50) is **terminated as moot**.

      So Ordered.

                                          */s/ Hugh B. Scott*

                                          Hon. Hugh B. Scott
                                 United States Magistrate Judge

Buffalo, New York
September 30, 2008