UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DIANA CAROVSKI,

                Plaintiff,

    v.                                        **DECISION AND ORDER**
                                                06-CV-716S

RONALD JORDAN and
U.S. BULK TRANSPORT, INC.,

                Defendants.

## I. INTRODUCTION

Plaintiff Carovski commenced this motor vehicle personal injury action on April 27, 2005, by filing a Summons and Verified Complaint in New York State Supreme Court, County of Erie, against Defendant Jordan. She filed an Amended Summons and Verified Complaint on September 25, 2006, adding U.S. Bulk Transport, Inc. as a Defendant. On October 27, 2006, Defendants removed the action to this Court based on diversity of citizenship. Currently before this Court are Defendants' Motion for Summary Judgment dismissing the action (Docket No. 63) and Plaintiff's Motion for Partial Summary Judgment on the issue of liability (Docket No. 64). For the reasons stated below, Defendants' Motion is denied and Plaintiff's Motion is granted.

## II. BACKGROUND

**A.    Facts**

On October 8, 2003, Carovski was driving a 2003 Mercedes C-230 eastbound on Interstate 90. (Docket No. 64-2 at 7-9.) She was traveling in the right lane, and was a few

1

minutes west of Batavia, when an accident occurred at approximately 5:15 to 5:20 p.m. (*Id* at 9-10.)  The weather conditions were dry, it was still light out, and Carovski was traveling at 65 mph.  (*Id*. at 10-11.)

At the time of the accident, Jordan was driving a 1998 Peterbilt tractor with attached 39-foot Mack dump trailer, which he owned.  (*Id*. at 22-23.)  As Jordan neared the site of the accident, he was traveling in the left lane with his cruise control set at 65 mph.  (*Id*. at 29.)  He attempted to move past Carovski's vehicle and into the right lane, at which time he felt a bump.  (*Id*. at 29-31.)  Jordan did not see Carovski's car in his mirrors prior to commencing the lane change, and believed she had pulled behind him.  (*Id.* at 32.)  The car actually was in Jordan's "blind spot" near the tractor's front steering tire.  (*Id*. at 33.)  Altogether, Jordan felt two to four "bumps."  (*Id*. at 34.)

Carovski first saw the truck when it was crossing over into her lane.  (*Id*. at 12.)  The tractor portion of the rig came in contact with the driver's side of Carovski's car.  (*Id*. at 13.)  There was a second impact which caused her car to fishtail moving counterclockwise.  (*Id*.)  Carovski ultimately lost control of her vehicle, coming to rest off the road in a grass area.  (*Id*. at 11.)

The Police Accident Report indicates that Jordan's vehicle made an unsafe lane change and sideswiped Carovski's vehicle.  (*Id.* at 2-3.)  Jordan was issued a traffic citation for violating New York State's Vehicle and Traffic Law, § 1128-A and, on November 13, 2003, pled guilty to the unsafe lane change.  (*Id*. at 4.)

**B.     The Pending Motions**

As previously noted, Defendants removed this action on October 27, 2006.  After

2

several extensions of the original scheduling order, efforts to mediate the case, and discovery-related motion practice, all parties moved for summary judgment on January 16, 2009. Defendants seek dismissal of the Amended Complaint in its entirety, arguing that Carovski did not sustain a "serious injury" and thus has no right of recovery for non-economic loss as a matter of law. Plaintiff contends she is entitled to summary judgment as to Defendant Jordan on the issue of liability because, *inter alia*, his guilty plea constitutes negligence *per se*.

### III.  DISCUSSION

**A.    The Summary Judgment Standard**

Summary judgment is appropriate if "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue of material fact is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.*

In deciding a motion for summary judgment, the evidence and the inferences drawn from the evidence must be "viewed in the light most favorable to the party opposing the motion." Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59, 90 S. Ct.1598, 1609, 26 L. Ed. 2d 142 (1970). "Only when reasonable minds could not differ as to the import of evidence is summary judgment proper." Bryant v. Maffucci, 923 F.2d 979, 982 (2d Cir. 1991). The function of the court is not "to weigh the evidence and determine the truth of

the matter but to determine whether there is a genuine issue for trial." Anderson, 477 U.S. at 249. "Assessments of credibility and choices between conflicting versions of the events are matters for the jury, not for the court on summary judgment." Rule v. Brine, Inc., 85 F.3d 1002, 1011 (2d Cir. 1996).

But a "mere scintilla of evidence" in favor of the nonmoving party will not defeat summary judgment. Anderson, 477 U.S. at 252. A nonmoving party must do more than cast a "metaphysical doubt" as to the material facts; it must "offer some hard evidence showing that its version of the events is not wholly fanciful." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); D'Amico v. City of N.Y., 132 F.3d 145, 149 (2d Cir. 1998). That is, there must be evidence from which the jury could reasonably find for the nonmoving party. Anderson, 477 U.S. at 252.

By rule, judgment may be entered against a party who fails to respond to a properly supported summary judgment motion by setting forth specific facts in acceptable form showing a genuine issue for trial. Fed. R. Civ. P. 56 (e)(2). But failure to oppose or respond to all or part of a summary judgment motion, standing alone, does not warrant granting the motion: "the district court must still assess whether the moving party has fulfilled its burden of demonstrating that there is no genuine issue of material fact and its entitlement to judgment as a matter of law." Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co., 373 F.3d 241, 244, 246 (2d Cir. 2004) ("failure to respond to [a Rule 56] motion does not alone discharge the burdens imposed on a moving party"); Amaker v. Foley, 274 F.3d 677, 681 (2d Cir. 2001). If the moving party fails to submit evidence sufficient to meet its burden, "summary judgment must be denied even if no opposing evidentiary matter is presented." Amaker, 274 F.3d at 681. Consequently, the Second Circuit has emphasized

that district courts "'in considering a motion for summary judgment, must review the motion, even if unopposed, and determine from what it has before it whether the moving party is entitled to summary judgment as a matter of law.'" Vt. Teddy Bear, 373 F.3d at 246 (quoting Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993)).

**B.     Defendants' Motion**

Pursuant to Rule 56 of this Court's Local Rules of Civil Procedure, each motion for summary judgment must include "a separate, short, and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried." L. R. Civ. P. 56(a)(1).  Local Rule 56 further provides that "each statement . . . must be followed by citation to evidence that would be admissible . . . [and] [c]itations shall identify with specificity the relevant page and paragraph or line number of the authority cited." Id. 56(a)(3).  Failure to submit a statement complying with these provisions "may constitute grounds for denial of the motion." Id. 56(a)(1).[1]

While defense counsel here has submitted a five-paragraph "Statement of Stipulated Facts," the statement is devoid of citation and the submission is woefully deficient.  Local Rules are law—to the extent they are not inconsistent with the Federal Rules of Civil Procedure—and are promulgated to further effectuate the purposes and spirit underlying the federal rules. Jones v. Sun Co., No. 98-CV-457E(M), 2000 U.S. Dist. LEXIS 5145, at *4 (W.D.N.Y. Apr. 21, 2000).  As such, they are not "precatory meanderings to be adhered to or not as the parties so choose." Reimer v. Heritage Asset Mgmt., No. 97-CV-565, 1999 U.S. Dist. LEXIS 9295, at * (W.D.N.Y. June 16, 1999).

---

[1] Prior to January 1, 2011, these provisions were numbered 56.1(a), (d).

In addition to the "Statement," defense counsel filed his own affidavit with approximately 1,000 pages of attached exhibits. (Docket No. 63-2 through 63-17, Exs. A - AA.) The 19-paragraph affidavit sets forth additional facts, some of which are followed by a general reference to an exhibit. However, none of those references (some of which identify exhibits of more than 50 or 100 pages) provide a page, paragraph, or line citation. Eighteen of the twenty-seven listed exhibits are not referred to at all in the attorney's fact statements. Due to the dearth of proper citation here, as well, the Court is unable to construe the attorney's affidavit as Defendants' Local Rule 56 statement. There are no citations to evidence in Defendants' Memorandum of Law and, thus, no avenue by which the Court can overlook Defendants' non-compliance.

Not surprisingly, absent a proper Statement of Undisputed Facts, Plaintiff has not filed the opposing statement required by Local Rule 56(a)(2). As the District Court for Connecticut, which has a similar local rule, rightly noted, "[t]he purpose of Local Rule 56 is to aid the court, by directing it to the material facts that the movant claims are undisputed and that the party opposing the motion claims are disputed . . . [and] [a]bsent such a rule, the court is left to dig through a voluminous record, searching for material issues of fact without the aid of the parties." Wilks v. Elizabeth Arden, Inc., 507 F. Supp. 2d 179, 184-185 (D. Conn. 2007) (internal citations and quotation marks omitted) (alterations added).

This Court's Local Rule provides clear notice of the risks to non-compliant parties, and it is assumed that Defendants' counsel, who actively sought to remove the action to this Court, is familiar with its Rules. L.R. Civ. P. 56(a)(1) and (2) (motion denied or facts deemed admitted for non-compliance). Accordingly, the Court declines Defendants'

invitation to dig through the voluminous record here, and their motion is denied for failure to comply with Local Rule 56.  *See*, Mills v. Poole, No. 06-CV-842, 2007 U.S. Dist. LEXIS 97857, at *6 (recommending dismissal of summary judgment motions based on failure to conform with Local Rule 56 requirements); Lester v. M&M Knopf Auto Parts, No. 04-CV-850, 2006 U.S. Dist. LEXIS 70371, at *3 (W.D.N.Y. Sept. 28, 2006) (noting that plaintiff's papers in opposition to defendant's motion for summary judgment were stricken for failure to follow the local rules); Real Estate Investors Ass'n. v. City of Jamestown, No. 00-CV-815, 2004 U.S. Dist. LEXIS 20039, at *13 n.5 (W.D.N.Y. Sept. 30, 2004) (declining to consider plaintiffs' request for relief due to their failure to comply with federal and local rules governing procedure for summary judgment motions); Sun Co., 2000 U.S. Dist. LEXIS 5145, at *4 (denying defendant's summary judgment motion for failure to follow local rules).

**C.      Plaintiff's Motion**

According to Carovski, she is entitled to judgment as to Defendant Jordan on the issue of liability.  Jordan has not opposed the motion.

In moving for summary judgment on the issue of liability, Carovski must demonstrate that Jordan was negligent and that his negligence was a substantial cause of the collision. Carovski first points to Jordan's plea to a violation of Vehicle and Traffic Law § 1128(a), which provides that: "[a] vehicle shall be driven as nearly as practicable entirely within a single lane and shall not be moved from such lane until the driver has first ascertained that such movement can be made with safety."  Where a section of the New York Vehicle and Traffic Law relates to the operation of a vehicle, it creates a statutory standard of care.

Mahar v. US Xpress Enters., Inc., 688 F. Supp.2d 95, 108 (N.D.N.Y. 2010) (citation omitted).

A driver will be excused from compliance with a Vehicle and Traffic Law provision if, by following the statute, he would place himself or others in a position of greater risk of danger or injury. But an unexcused violation constitutes negligence *per se*. Schipani v. McLeod, 541 F.3d 158, 163 (2d Cir. 2008) (citing Feeley v. St. Lawrence Univ., 13 A.D.3d 782, 783 (3d Dep't 2004)); *see also*, Jones v. Radeker, 32 A.D.3d 494, 496 (2d Dep't 2006) (plaintiff's entrance into intersection in violation of Vehicle and Traffic Law constituted negligence *per se*).

On this record, it is undisputed that Jordan had seen Carovski's car, was attempting to pass her, moved into the lane Carovski was traveling in even though he could not then see her vehicle, and struck her vehicle. Thus, Carovski has met her initial burden of establishing that Jordan was negligent *per se* and also that his negligence was a proximate cause of the accident. Jordan, who does not oppose the motion, has not submitted any evidence of the existence of some circumstance that would excuse his lack of compliance with § 1128(a), or that any negligence on his part was not a proximate cause of the accident.

Accordingly, the undisputed evidence is sufficient to support summary judgment on the issue of liability. Van Doren v. Dressler, 45 A.D.3d 1366, 1367 (4th Dep't. 2007) (plaintiff's undisputed evidence establishing defendant violated § 1143, and that such violation proximately caused accident, entitled plaintiff to summary judgment on liability issue). Based on this finding, the Court need not consider Carovski's further argument that

Jordan is negligent due to his failure to see what he should have seen with the proper use of his senses.

## IV.  CONCLUSION

For the reasons stated, Defendants' Motion for Summary Judgment is denied and Plaintiff's Motion for Partial Summary Judgment as to Defendant Jordan on the issue of liability is granted.

## V.  ORDERS

IT HEREBY IS ORDERED that Defendants' Motion for Summary Judgment (Docket No. 63) is DENIED.

FURTHER that Plaintiff's Motion for Partial Summary Judgment as to Defendant Jordan on the issue of liability (Docket No. 64) is GRANTED.

SO ORDERED.

Dated:   April 10, 2011
         Buffalo, New York

                              /s/William M. Skretny
                              WILLIAM M. SKRETNY
                              Chief Judge
                              United States District Court